Case 1:24-cv-00355-RA    Document 24    Filed 04/29/24    Page 1 of 11

GREENBERG & KAPLAN, LLP
ATTORNEYS AT LAW

G & K

Susan G. Curtis
390 Fifth Avenue
New York, NY 10018
(646) 383 3688
scurtis@greenberg-kaplan.com

Defendants' request that this case be removed from the Mediation Program is granted. The case will proceed according to the case management plan and scheduling order dated April 5, 2024.

SO ORDERED.

_____
Hon. Ronnie Abrams
May 6, 2024

April 29, 2024

The Honorable Ronnie Abrams
U.S.D.J. United States District Court
Southern District of New York United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Osbed Betancourt and Nickole Hutchinson v. BronxCare Health System and Shirley Acevedo, 24-cv-355 (RA)

Dear Judge Abrams:

I am writing in response to the Mediation Office's email dated April 23, 2024, attached, requesting that our client submit its request for removal of the above-captioned case from mediation pursuant to Section 3b of the Southern District's Mediation Program Procedures (6/15/2022) by April 29, 2024.

The main allegations in the Complaint and the principal issues in this action cannot appropriately be resolved through mediation, as the following discussion will show.

This Complaint represents a challenge to the security procedures of our client, BronxCare Health System (the "Hospital"), alleging that our client's security procedures to protect employees and patients are unlawful under the Family and Medical Leave Act ("FMLA"). The Hospital is located in a high-crime area in the South and Central Bronx, and in recent years has had two shootings by individuals, including a former doctor at the Hospital, who gained unauthorized access to Hospital buildings. The shootings resulted in a murder, a suicide and the serious injuries of several persons at the Hospital as a result of gunshot wounds. The Hospital has since instituted security procedures designed to prevent unauthorized persons from entering the Hospital, requiring every person entering the Hospital (other than the emergency room) to pass through a turnstile and present an electronic ID in the case of employees and requiring others to present a valid ID and show that they have an appointment. The procedures include issuing confidential security alert documents describing persons who represent a potential risk of harm to patients and employees to enable members of the Hospital's 84-person security staff to identify persons who should be kept out of Hospital buildings.

1

In fact, the Plaintiff, Osbed Betancourt, a Radiologic Technologist in the Hospital's Radiology Department, was the subject of a security alert issued on February 17, 2021, and the Plaintiffs' objections to the security alert form the basis of Plaintiffs' complaint in this action. The security alert was prepared by the Hospital's Security Department at the direction of management out of a concern that Mr. Betancourt represented a vital threat to the safety of Hospital patients and employees, as well as to himself. The security alert was distributed solely to Security Department employees.

These concerns arose after Mr. Betancourt's behavior at work led to him taking an FMLA leave, during which Mr. Betancourt posted videos on his public social media account that attracted the attention of his co-workers, who reported the videos to Hospital management. The Complaint recites that Mr. Betancourt has bipolar disorder and post-traumatic stress disorder, which was affecting him at the time. In the videos, Mr. Betancourt made comments that Hospital officials believed represented a potential threat to Hospital employees and patients, as well as to himself, including ambiguous and inappropriate comments about Shirley Acevedo, who was his supervisor and is the Practice Administrator of the Hospital's Radiology Department. Management determined that Mr. Betancourt, who was then on FMLA leave, should not be allowed on Hospital premises while the management investigated the risk that Mr. Betancourt posed, with the help of an outside security consultant.

The security alert, which was written by a Security Department employee, initially stated that Mr. Betancourt had been terminated, but was corrected six days later.

Plaintiff Nickole Hutchinson was a technical supervisor of diagnostic X-ray technicians, including Mr. Betancourt, in the Hospital's Radiology Department. According to the Complaint, an unnamed "X-ray technologists" furnished a photograph of the uncorrected security alert to Ms. Hutchinson on or about the day it was issued. The unnamed person had transmitted the photograph by text to Ms. Hutchinson in violation of the Hospital's Code of Conduct and other rules that apply to Hospital employees,

Ms. Hutchinson saved the security alert on her cell phone and revealed it to Mr. Betancourt two years and four months later, after he had been back at work for more than two years. Ms. Hutchinson falsely told Mr. Betancourt that Defendant Shirley Acevedo had written the security alert; had posted it throughout the Hospital; and had announced to a group of staff that Mr. Betancourt had been terminated and was not allowed in the Hospital buildings.

In fact, however, Ms. Acevedo, whose job is to run a large radiology department, was not involved with the issuance by the Security Department of the security alert, that went solely to Security Department staff. The Hospital limits posting of employee notices to designated areas behind plexiglass, and this notice not posted on any walls in the Hospital. In fact, when a person, whom Ms. Acevedo does not remember, brought her a paper copy of the security alert six days after the alert was issued, Ms. Acevedo requested that it be corrected, and a corrected security alert was sent to Security Department staff.

The proceedings in this action to date have also made it an inappropriate case for mediation. In fact, this action was instigated as part of a vendetta by Plaintiff Hutchinson against Shirley

Acevedo, as the letter from Plaintiffs' counsel (Exhibit 1 to the Answer, at p. 4), written before he also became counsel to Ms. Hutchinson, makes clear. The lawyer's candid comment was "Ms. Hutcherson (sic) shared this information [referring to the security alert] not out of concern for or kindness towards Mr. Betancourt, but to ask Mr. Betancourt whether he consented to her using this 'incident with Shirley' as an example of Ms. Acevedo's abuse of power in relation to Ms. Hutcherson's (sic) own hostile work environment claims." The attorney's letter also stated, "Ms. Hutcherson (sic) further explained that she, along with a countless number of colleagues, agreed to bury, forget about, and hide the Defamatory Flyer from Mr. Betancourt so as not to 'trigger' him." The attorney's letter followed two unsuccessful complaints to Human Resources by Ms. Hutchinson against Ms. Acevedo, who was also the supervisor of Ms. Hutchinson. Both complaints were thoroughly investigated and rejected by the Hospital's Human Resources Department.

When the Hospital received the attorney's letter, the Hospital immediately initiated an investigation and concluded that Ms. Hutchinson violated Hospital policy by having an unauthorized copy of the confidential security alert and, on June 18, 2023, showing it to Mr. Betancourt, who had been the subject of the security alert more than two years previously. The Complaint states that after learning about the security alert from Ms. Hutchinson, "Mr. Betancourt became so distraught and distressed that he had no choice but to take a leave of absence to address the major effects this incident was having on his mental health and career in the medical field."

The Hospital terminated Ms. Hutchinson's employment after receiving the attorney's letter. The letter constituted an admission that Ms. Hutchinson had misappropriated a confidential Security Department document in violation of Hospital policy and that she had falsely stated to Mr. Betancourt that Shirley Acevedo had written the security alert; posted it throughout the Hospital; and announced that Mr. Betancourt had been terminated to fellow employees. The letter also admitted that Ms. Hutchinson, who was a co-worker of Mr. Betancourt and his "technical supervisor," was aware that her telling Mr. Betancourt about the security alert would potentially "trigger" him. According to the Complaint, Mr. Betancourt was so distressed by Ms. Hutchinson's false disclosures that he stopped working altogether, starting in the summer of 2023 and finally voluntarily resigned from the Hospital on January 4, 2024.

The photograph of the security alert in the Complaint was apparently misappropriated by the unnamed person referred to in the Complaint; is distorted and discolored, as if taken from an angle, at a distance; and has its edges cropped so that it does not include the surroundings where the photo was taken. Thereafter, when the same attorney began representing Ms. Hutchinson, as well as Mr. Betancourt, the attorney took the approach that Ms. Hutchinson was engaged in "protected activity" under the FMLA when she misappropriated the security alert and refused to reveal the name of the person who sent Ms. Hutchinson the unauthorized photo of the security alert, ostensibly because that person was also "protected" under the FMLA.

The central allegations in the Complaint repeat Ms. Hutchinson's false statements regarding Ms. Acevedo's supposed involvement in preparing and circulating the security alert and purport to be based, not on the Plaintiffs' personal knowledge, but on the supposed statements of the unnamed

X-ray technologist referred to in the Complaint, whose name Ms. Hutchinson has refused to reveal to management or Defendants.

Incredibly, the Complaint and the joint letter to Your Honor, dated March 29, 2024, allege that the Hospital violated the FMLA when it terminated Ms. Hutchinson. The allegation is that Ms. Hutchinson and the unnamed X-ray technologist who provided Ms. Hutchinson with the security alert were engaged in protected activity under the FMLA when they misappropriated the alert and that Ms. Hutchinson was engaged in protected activity under the FMLA when she showed the alert to Mr. Betancourt, the subject of the alert more than two years before. This position would arguably prevent the Hospital from issuing a security alert as to anyone who is on an FMLA leave, regardless of the threat the person poses, when that person should not be entering the Hospital anyway because they are on leave, and not working.

The Complaint, which is premised on false statements, cannot be appropriately evaluated in mediation. More generally, the Hospital's confidential security procedures and documents should not be subject to mediation, as they raise safety and policy concerns that go beyond the facts of this case.

In addition, there is no causal relationship between the allegations in the Complaint and the FMLA, which guarantees employees 12 weeks of leave for a serious health condition that makes the employee unable to work, and is the sole basis for federal jurisdiction in this case. The decision as to federal jurisdiction is appropriately made by the Court, and not in the context of mediation.

One of the main reasons for the material inaccuracies in the Complaint is that Plaintiffs chose to bypass the required procedure in a discrimination case of seeking a right to sue letter from the EEOC, and instead raised specious claims under the FMLA. Had the matter been properly submitted to the EEOC, the Complaint's allegations would have been examined thoroughly and found to be without merit. However, this evaluation did not occur because Plaintiffs omitted this required step in the process.

The two-year statute of limitations under the FMLA for violations that are not intentional has run as to the allegations in the Complaint. There are also false allegations in the Complaint that, in early 2021, the Hospital was not permitted to require a doctor's certification that Mr. Betancourt was fit to run an X-ray machine when he exhibited behavior at work that raised serious questions as to whether he could do his job and that the Hospital was not allowed to require medical documentation for Mr. Betancourt's absences when he missed 20 shifts of work in a period of just over a month.

The allegations of the Complaint have now been disputed in Defendants' position statements filed with the EEOC on March 1, 2024. Although the EEOC has not yet acted, Plaintiffs have Defendants' position statements and therefore should acknowledge that there is no factual basis for much of the Complaint. The inaccuracy of the Complaint is not an appropriate subject for discussion in mediation, but should be evaluated by the Court in the context of a dispositive motion, which will demonstrate that Defendants are entitled to judgment in their favor.

The false allegations in the Complaint have done damage to the reputation of Shirley Acevedo, who is innocent of any of the charges in this case. She should be exonerated by the Court as quickly and efficiently as possible  The false claims against Ms. Acevedo should not be settled through mediation.

The Hospital receives more than 57% of its revenue from Medicaid, and the Hospital's total revenue from both Medicare and Medicaid is over 85% of its revenue. Many of the other patients are uninsured. To minimize the expense of this litigation, it should be set on a course to judgment on the merits as quickly as possible.

For the foregoing reasons, this action should be removed from mediation and Defendants should be allowed to resolve all matters in Court.

A proposed Order removing the case from mediation is attached for Your Honor to sign.

> Respectfully submitted,
> */s/ Susan G. Curtis*
> Susan G Curtis

**Subject:** RE: Pre-mediation conference 24-cv-00355-RA
**Date:** Tuesday, April 23, 2024 at 4:16:32 PM Eastern Daylight Time
**From:** Mediation Office NYSD
**To:** Susan Curtis, Jonathan Ben-Asher, trahman@filippatoslaw.com, ejcollazo@greenberg-kaplan.com

Thank you! Please make the request by next Monday 4/29. We will follow for the judge's decision.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: MediationOffice@nysd.uscourts.gov
https://nysd.uscourts.gov/programs/mediation-adr

---

**From:** Susan Curtis <scurtis@greenberg-kaplan.com>
**Sent:** Tuesday, April 23, 2024 3:55 PM
**To:** Jonathan Ben-Asher <JBen-Asher@rcbalaw.com>; trahman@filippatoslaw.com; ejcollazo@greenberg-kaplan.com
**Cc:** Mediation Office NYSD <MediationOffice@nysd.uscourts.gov>
**Subject:** Re: Pre-mediation conference

**CAUTION - EXTERNAL:**

Gentlemen,

We do not wish to schedule a meeting at this time. We fully expect that our client will request removal from mediation by submitting such a request in writing to the presiding judge pursuant to Section 3b of Southern District's Mediation Program Procedures (6/15/2022).

We will contact you if the situation changes.

Kindest regards,

**Susan G. Curtis**
**Greenberg & Kaplan, LLP**
**390 Fifth Avenue, Suite 900**
**New York, NY 10018**
**Mobile: (917) 445 6866**
**Office: (646) 383 3688**
Greenberg-Kaplan.com

**From:** Jonathan Ben-Asher <JBen-Asher@rcbalaw.com>
**Date:** Tuesday, April 23, 2024 at 12:34 PM
**To:** trahman@filippatoslaw.com <trahman@filippatoslaw.com>, ejcollazo@greenberg-kaplan.com <ejcollazo@greenberg-kaplan.com>, Scurtis@greenberg-kaplan.com <Scurtis@greenberg-kaplan.com>
**Cc:** Mediation Office SDNY (MediationOffice@nysd.uscourts.gov) <MediationOffice@nysd.uscourts.gov>
**Subject:** Pre-mediation conference

Dear Counsel,

As explained in the Notice of Assignment of Mediator from the SDNY Mediation Office, below, I have been assigned as the mediator in this case. I'm writing to introduce myself and explain some initial procedures and requirements for the mediation.

I am a partner at the firm Ritz Clark & Ben-Asher LLP, where my practice is in employment law. I have been an employment lawyer in private practice since 1996. My bio on my firm's website is here: https://www.rcbalaw.com/attorneys-and-staff/jonathan-ben-asher/

As the Notice states, the date, time, and location/format for the initial mediation session must be agreed no later than May 23, 2024. I would like to have a 30-45 minute pre-mediation conference with counsel on Zoom as soon as convenient, to finalize the date, time and format of the mediation session (which we will be on Zoom), required attendees, submission of pre-mediation statements, and any other issue that may make the mediation productive. **Let me know your availability for the preliminary conference on May 8, 9, 10 and 13. I will send a Zoom invitation when we have set a date and time.**

In considering potential dates for the mediation session itself, Section 7 of the Procedures of the Mediation Program requires all parties to attend, in addition to the lawyer for each side primarily responsible for handling the matter. A corporate party "satisfies this attendance requirement if represented by a decision-maker who has full settlement authority and who is knowledgeable about the facts of the case."

It is critical that you review the Mediation Program's rules and procedures, including the rules for pre-mediation statements here:
https://www.nysd.uscourts.gov/programs/mediation-adr

I am disclosing these contacts:

I and my law firm colleagues Susan Ritz and Miriam Clark know Gerry Filippatos professionally, through the National Employment Lawyers Association/New York and/or the American Bar Association's Section of Labor and Employment Law. I think the last time I spoke with Mr. Filippatos was about twenty years ago.

I believe that at least twenty years ago, Ernest Collazo may have been opposing counsel in a case in which I represented the plaintiff, but my memory may not be correct.

Case 1:24-cv-00355-RA   Document 25-1   Filed 05/06/24   Page 3 of 5

Finally, I interact frequently with members of the legal profession, including through bar associations and other professional organizations, and I regularly speak at, attend and/or organize professional conferences concerning employment law. I'm a member of several online professional communities, networks, and list-serv's, such as LinkedIn. While I'm unaware of any contact with counsel in this case or their firms other than what's described above, it's possible that I may have had contact with them through those professional activities, but keeping track of such incidental contacts isn't feasible.

I'm including the Mediation Office on this email, but you can drop the Office from your responses and future emails.

I look forward to working with you and the parties.

Sincerely yours,

Jonathan Ben-Asher

-----------------------------------------------
Jonathan Ben-Asher
Ritz Clark & Ben-Asher LLP
One Liberty Plaza – 23rd floor
165 Broadway
New York, N.Y. 10006-1404
(212) 321-7075
Jben-asher@RCBALaw.com
www.RCBALaw.com

DISCLAIMER
This email message is intended only for the personal use of the recipients named above.  This message may be an attorney-client communication and therefore privileged and confidential.  If you are not an intended recipient, you may not review, copy or distribute this message.  If you have received this communication in error, please notify us immediately by email and delete the original message.  Thank you.

**From:** Mediation Office NYSD <MediationOffice@nysd.uscourts.gov>
**Sent:** Tuesday, April 23, 2024 11:30 AM
**To:** trahman@filippatoslaw.com; ejcollazo@greenberg-kaplan.com; scurtis@greenberg-kaplan.com; Jonathan Ben-Asher <JBen-Asher@rcbalaw.com>
**Cc:** Mediation Office NYSD <MediationOffice@nysd.uscourts.gov>
**Subject:** 1:24-cv-00355-RA - Betancourt et al v. BronxCare Health System et al NOTICE OF ASSIGNMENT OF MEDIATOR AND SCHEDULING DEADLINE

**NOTICE OF ASSIGNMENT OF MEDIATOR AND SCHEDULING DEADLINE**
**( <u>REVISED 10/1/2023</u> )**

**PLEASE FILL OUT THE POST-MEDIATION SURVEY!!**

**(Link to the Survey: https://www.surveymonkey.com/r/NYSDmediation2018.)**

Pursuant to an order of the Court,     1:24-cv-00355-RA     is referred to mediation and the following mediator is assigned to this case:

Jonathan Ben-Asher
Ritz Clark & Ben-Asher LLP
One Liberty Plaza - 23rd floor
165 Broadway
New York, N.Y. 10006
jben-asher@RCBALaw.com
212-321-7075
www.RCBALaw.com

The full Procedures of the Mediation Program for the Southern District of New York can be found at: **https://nysd.uscourts.gov/programs/mediation-adr**.

❖    Any party may submit a written request to the Mediation Supervisor for the mediator's disqualification based on any grounds enumerated in 28 U.S.C. § 144 or 28 U.S.C. § 455 within seven (7) days from the date of this notice or the discovery of a new ground for disqualification. A denial of such a request is subject to review by the assigned Judge upon motion filed within ten (10) days of the date of the denial.

❖    Unless a case has entered the mediation program through an order that imposes specific timelines for scheduling and holding the initial session, the date, time and location of the first mediation session shall be finalized within thirty (30) days of this notice. **In this case, the date, time and format of the first mediation session should be finalized by 5/23/2024.**

❖ All participants in the mediation (including observers) must sign the Mediation Confidentiality Agreement on or before the first mediation session. <u>Signed agreements should be provided to the mediator and other participants. The agreements are to be maintained by the participants themselves, not the Mediation Office</u>.

❖ Any attorney can present appropriate verification of membership of bar of any state or federal court to bring in one cellphone. Attorneys/mediators who wish to bring in additional devices must email a device order to the Mediation Office, at least 72 hours before the date of the mediation session to request permission. Click here for link to PDF of Device Order.

Please reference the following when corresponding with the Mediation Office:
E-mail: MediationOffice@nysd.uscourts.gov
Phone: (212) 805-0643


Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007

(212) 805-0643
Email: MediationOffice@nysd.uscourts.gov
https://nysd.uscourts.gov/programs/mediation-adr

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

------------------------------x

OSBED BETANCOURT and NICKOLE HUTCHINSON,

,

                    Plaintiffs,

  -against-

BRONXCARE HEALTH SYSTEM and SHIRLEY ACEVEDO, in their individual and professional capacities,

                   Defendants.

------------------------------x

**ORDER REMOVING THE CAPTIONED CASE FROM MEDIATION**

24-cv-00355 (RA)

    The above-captioned case is hereby removed from mediation pursuant to Section 3b of the Southern District of New York's Mediation Program Procedures (6/15/2022).

**SO ORDERED** this     day of            , 2024

_____

Hon. Ronnie Abrams, U.S.D.J.